**LESNICK et v STATE**
**COHEN v STATE**
**BIRNS v STATE**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13886, 13887 & 13888

Decided May 31, 1934

536

A. L. Kearns, Cleveland, for plaintiff in error Max Lesnick.

Henry Galen, Cleveland, for plaintiffs in error Yale Cohen and Alex Birns.

F. T. Cullitan, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist) and WILLIAMS, J, (6th Dist), sitting.

**OPINION**

By HAMILTON, PJ.

The credibility of the witnesses was for the jury. If the jury believed Burman's story, it was justified in returning the verdict of guilty. The court will not disturb the judgment on the weight of the evidence.

Another question of error is, that the court erred in refusing the defendants the right to examine the jury on voir dire with reference to the prosecuting witness Burman being an aider, abettor, and accomplice. The record does not present any ground for such an examination. If the evidence raised the question, the court could charge the jury with reference thereto, as

it did. The court in the charge, among other things, said:

"In judging of the weight you will give the testimony of each witness you may very properly take into consideration the interest the witness had in the outcome of the proceedings, if any, the relationship the witness bears to a party in the case. You may take into consideration the manner or demeanor of the witness while on the stand. The witness' frankness or lack of frankness, his bias or prejudice, whether or not the witness is laboring under influence. You may take into consideration the intelligence or lack of intelligence of the witness to be a dependent reporter to you of the facts about which this witness testified, and you may take into consideration the position of the witness to have dependable knowledge with respect to the facts about which such witness has testified. You may take into consideration whether or not the witness' testimony has been corroborated by other dependable evidence or admitted facts."

While it is entirely proper for the court in its charge to the jury to tell the jury that the testimony of an accomplice should be considered with great care and in substance that corroboration is desirable. it has never been held to be reversible error for the court to refuse to so charge. Moreover, in this case the evidence does not show Burman to be a co-conspirator. He did not solicit any bribe or invite any corruptive influence. What he did do was, accept the bribe and leave the jurisdiction of the court. The crime was complete before any action on his part.

There was no error in the court's charge with reference to conspiracy.

It is urged that the court erred in refusing to give a requested charge on motive. The court is not bound to give special charges in a criminal case. The question of motive was covered in the charge wherein the court stated:

"The presence or absence of a motive, if shown, is a circumstance which may be considered and if no motive on behalf of the defendants or either of them has been shown you may take such crcumstance into consideration together with all the other evidence and facts here submitted to you."

This fully covers the question, and there was no error in refusing the special charge on motive.

Objection is made to evidence concerning a telephone conversation in which the witness Burman stated he received a telephone communication from one of the plaintiffs in error, who gave him his name over the telephone and gave him some instructions. It is argued that this is not sufficient to establish with reasonable certainty the identity of the other party speaking. The fact that he gave his name would be some evidence, and it would, therefore, be a question for the jury as to whether or not the identity was sufficiently established. The same rule would be applied to the "conversation in the dark", wherein Burman was unable to see the party speaking to him. However, there is some corroboration of this conversation.

The one question of error in the case which appears to the court to be rather important is the limitation placed upon the arguments of counsel by the court. The record discloses the following:

"The Court: How much time for argument?

Mr. Galen: I would like to have at least a half an hour.

Mr. Kearns: ' That will be agreeable with us.

Mr. Mahon: That will be agreeable with us.

The Court: No, I want to charge the jury this afternoon. Let each counsel for defendant take fifteen minutes and let the Prosecutor have twenty minutes.

Mr. Galen: I don't know if that will be enough time.

The Court: I want to charge the jury this afternoon.

Mr. Galen: Note an exception."

It will be noted that Mr. Galen represented Yale Cohen and Alex Birns. Mr. Kearns, who represented Lesnick, made no objection and reserved no exception.

The case took two days to try, and there were some 21 or 22 witnesses. The time it took to try the case and the number of witnesses would on the face of it indicate that fifteen minutes would not be sufficient to properly argue the case to the jury, but it must be remembered that each of the defendant's counsel were given fifteen minutes. The cases were all tried together and the defendants were convicted practically on the evidence of one or two witnesses. The long list of witnesses was largely made up of character witnesses and witnesses tending to prove an alibi for the defendant Lesnick. Outside of the question of the character witnesses and the witnesses to establish an alibi, it would require an analysis of the evidence of but

two or three witnesses. Since the argument that would apply to one, would apply to the three defendants, it would practically mean that they were given a half hour to analyze the evidence of the prosecuting witness Burman and that of the defendants in the case.

The court has reached the conclusion that no prejudicial error intervened, and the judgment is affirmed in each case.

ROSS and WILLIAMS, JJ, concur.